UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:                                                    Chapter 11, No. 15-30404-HJB

SPECTRUM ANALYTICAL, INC.

       Debtor

In re:                                                    Chapter 11, No. 15-30405-HJB

HANIBAL TECHNOLOGY, LLC

       Debtor

## MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO SECTION 543 OF THE BANKRUPTCY CODE

To the Honorable Henry J. Boroff, United States Bankruptcy Judge

Now come Spectrum Analytical, Inc. ("Spectrum") and Hanibal Technology, LLC, ("Technology" or collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned matters, through their undersigned counsel, the law firm of Bacon Wilson, P.C., and pursuant to 11 U.S.C. §§ 105(a) and 543, respectfully request the entry of an Order compelling the turnover of property of the Debtors and their respective bankruptcy estates by a custodian. In support thereof, the Debtor respectfully represents as follows:

1. Jurisdiction over this Motion is conferred upon this Court under the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On April 30, 2015, the Debtors each filed a Voluntary Petition seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

1

3. The Debtors intend to continue to operate their respective businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed.

4. Spectrum is a Massachusetts corporation that provides testing and analytical data for a variety of environmental interests. Through its services and programs, Spectrum performs quantitative analysis of soil, water, air samples, and petroleum products and generates data that provides its clients with information relative to the environmental quality of materials being analyzed. Spectrum maintains offices in Agawam, Massachusetts, Tampa, Florida, North Kingstown, Rhode Island, and Syracuse, New York.

5. Technology is a Massachusetts limited liability company that focuses on education, research, and development in environmental technology. Technology also serves as Spectrum's exclusive international marketing and sales agent.

6. Pursuant to an Order Appointing Temporary Receiver issued by the Superior Court of the State of Rhode Island on April 2, 2015 in case number WC12-0012, Mark Russo (the "Receiver"), of Providence, Rhode Island, has been serving as Temporary Receiver of each of the Debtors since on or about April 2, 2015 until the date hereof. A true copy of the Order Appointing Temporary Receiver is annexed hereto as Exhibit "A".

7. Following the filing of this Motion, the Debtors' counsel will provide written notice to the Receiver of the commencement of these bankruptcy cases and demand for turnover of any property of the Debtors held by or transferred to the Receiver pursuant to 11 U.S.C. § 543(b)(1). This demand will include, without limitation, access to the books, records, properties, and offices of the Debtors.

8. As a result of the appointment of the Receiver and his management of the Debtors' businesses, the principals and senior management of the Debtors have not had access to the books, records, accounting systems, offices, laboratories, personnel, and properties of the Debtors and have been excluded from the premises from which the Debtors operate. The Debtors require access to the foregoing in order to manage their business and affairs as debtors-in-possession.

9. Section 543(b) of the Bankruptcy Code provides, in relevant part, "A custodian shall— (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or the proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."

10. Section 101(11) of the Bankruptcy Code defines "custodian" to include "a receiver or trustee of any property of the debtor, appointed in a case or proceeding not under this title." Therefore, the Receiver is subject to the requirements of 11 U.S.C. § 543(b)(1).

11. In addition, Section 1107(a) of the Bankruptcy Code provides, in relevant part, "Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter."

12. Therefore, the Debtors are entitled to the turnover of all property of the Debtors and their respective estates forthwith.

13. Although the Debtors do not necessarily anticipate that the Receiver will not voluntarily comply with the requirements of Section 543(b), the Debtors' undersigned counsel recently learned, upon information and belief, that the Receiver is out of the country at least until May 6, 2015. Therefore, the Debtors do anticipate that absent explicit direction from the Receiver or this Court, the Receiver's associates, employees, and agents may not grant the Debtors and their respective principals and senior management access to the Debtors' properties.

14. The Debtors submit that if they are not given immediate access to their books, records, accounting systems, offices, laboratories, personnel, and properties, the Debtors will be irreparably harmed in that they will not be able to operate their businesses and manage their affairs, and it is likely that they will forced to cease operations.

WHEREFORE, the Debtors respectfully request the entry of an Order, in the form of the proposed Order filed herewith, providing the following relief:

1. Finding that the Debtors are debtors in possession, and are authorized to operate their respective businesses and manage their respective affairs subject to the provisions of the Bankruptcy Code;

2. Directing the Receiver, and each of his associates, officers, servants, agents, employees, attorneys, and all other persons who are in active concert or participation with any of the foregoing, to immediately turn over to the Debtors and their principals any and all property of the Debtors held by or transferred to any of the foregoing parties, and proceeds, product, offspring, rents, and profits of such property, in any such party's possession, custody or control;

3. Authorizing the Debtors and their principals to immediately enter into and take possession of the offices, laboratories and other real property owned, leased, or otherwise controlled by the Debtors or the Receiver on behalf of the Debtors; and

4. Providing such other and further relief as the Court deems just and proper.

        Respectfully Submitted,
        Spectrum Analytical, Inc. and
        Hanibal Technology, LLC
        By Their Attorneys

        /s/ Spencer A. Stone
        Spencer A. Stone
        (BBO No. 674548)
        Michael B. Katz
        (BBO No. 261460)
        Bacon Wilson, P.C.
        33 State Street
        Springfield, MA 01103
        Tel.: (413) 781-0560
        Fax: (413) 739-7740
        sstone@baconwilson.com
        mkatz@baconwilson.com
        April 30, 2015

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11, No. 15-30404-HJB |
| SPECTRUM ANALYTICAL, INC. | |
| Debtor | |

| | |
|---|---|
| In re: | Chapter 11, No. 15-30405-HJB |
| HANIBAL TECHNOLOGY, LLC | |
| Debtor | |

## ORDER COMPELLING TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO SECTION 543 OF THE BANKRUPTCY CODE

Upon consideration of the Motion to Compel Turnover of Property of the Estate Pursuant to Section 543 of the Bankruptcy Code filed by Spectrum Analytical, Inc. and Hanibal Technology, LLC (collectively, the Debtors), appropriate notice having provided, after hearing, and for good cause shown, the Court hereby

FINDS, that the Debtors are debtors in possession, as defined in 11 U.S.C. § 1101 and, by operation of law, are authorized to operate their respective businesses and manage their respective affairs subject to the provisions of Title 11 of the United States Code; it is therefore

ORDERED that Mark Russo, and each of his associates, officers, servants, agents, employees, attorneys, and all other persons who are in active concert or participation with any of the foregoing (collectively, the "Receiver"), shall immediately turn over to the Debtors and their respective officers, directors, managers, members, and stockholders (collectively, the "Principals"), any and all property of the Debtors or their bankruptcy estates held by or transferred to any of the foregoing parties, and all proceeds, product, offspring, rents, and profits of such property, in any such party's possession, custody or control; and it is further

ORDERED, without limiting the generality of the foregoing, that the Receiver shall immediately turn over to the Debtors and their respective Principals, and shall immediately grant the Debtors and their Principals access to, all books, records, accounting systems, offices, laboratories, personnel, and properties of the Debtors; and it is further

ORDERED that the Debtors and their respective Principals be, and hereby are, authorized to immediately enter into and take possession of the properties, offices, laboratories and other real property owned, leased, or otherwise in the possession, custody, or control of the Debtors or the Receiver on behalf of the Debtors

_____
HONORABLE HENRY J. BOROFF
United States Bankruptcy Judge