# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

**In re:**

| | |
|---|---|
| SPECTRUM ANALYTICAL, INC. | Chapter 11<br>Case No.15-30404-HJB |
| **Debtor(s)** | Jointly Administered |

**In re**

| | |
|---|---|
| HANIBAL TECHNOLOGY, LLC | Chapter 11<br>Case No.15-30405-HJB |
| **Debtor(s)** | |

## MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING (1) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (3) RELATED RELIEF

Now comes Steven Weiss, the duly appointed Chapter 11 Trustee (the "Trustee") of Spectrum Analytical, Inc. (the "Debtor"), by this motion (the "Motion"), seeks issuance and entry of an order authorizing and approving (1) the sale (the "Sale"), free and clear of all liens, claims, interests and other encumbrances, of certain of the Debtor's assets (as defined in the Agreement, the "Acquired Assets") to the Successful Bidder (as defined herein), pursuant to the terms and conditions of the Agreement, (2) the assumption and assignment of certain executory contracts and unexpired leases to the Purchaser or Successful Bidder, each as defined hereinafter, and (3) the Trustee's consummation of the transactions contemplated in the Agreement. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court's exercise of jurisdiction is proper pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1391, 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b), and the Court may enter final orders on these matters. The predicates for the relief requested herein are Sections 105(a), 363, 365 and 1146(c) of Title 11, U.S. Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-5 and 6004-1 of the Massachusetts Local Bankruptcy Rules ("MLBR").

## BACKGROUND

A. <u>The Case:</u>

1. On April 30, 2015 Spectrum Analytical, Inc. ("Spectrum") and Hanibal Technology, LLC ("Technology") (collectively the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code with this Court.

2. Pursuant to motions filed by the Debtors, the cases are being jointly administered.

3. On May 11, 2015 the Court ordered the appointment of a Chapter 11 Trustee, and on May 12, 2015 the Trustee was appointed in these cases.

4. No committee of unsecured creditors has been appointed in these cases.

5. The matters set forth in this motion constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(N).

6. Spectrum is a Massachusetts corporation, which provides testing and analytical data for a variety of environmental interests. Spectrum performs quantitative analysis of soil, water, air samples, and petroleum products and generates data that provides its clients with information relative to the environmental quality of materials being analyzed. Spectrum

maintains offices in Agawam, Massachusetts (where its headquarters is located), North Kingstown, Rhode Island, Tampa, Florida, and Syracuse, New York. Spectrum employs approximately 150 people.

7. Spectrum's assets include the following: lab testing equipment in Agawam, North Kingstown, and Tampa; two parcels of real estate in Agawam, Massachusetts, and a laboratory facility in North Kingstown Rhode Island; approximately 15 vehicles; and accounts receivables.

8. Spectrum's primary secured lender is Bank Rhode Island ("BRI"), which was owed approximately $8,900,000.00 as of the petition date. BRI has liens on virtually all of Spectrum's assets. Pursuant to orders in connection with the Trustee's motions to use cash collateral secured to BRI, the Trustee has until July 29, 2015 to challenge the priority and perfection of BRI's liens. As of the date of this motion, the Trustee has determined only that BRI does not have perfected liens on spectrum's motor vehicles, which had an appraised value (in early 2014) of approximately $189,000.00. The only other possible secured claim is for a truck loan.

9. Technology is a Massachusetts limited liability company that serves, on information and belief, as Spectrum's exclusive international marketing and sales agent, but appears to have no employees.

10. On the Petition Date, Spectrum had been operating under the supervision of a court-appointed receiver (the "Receiver") for a month pursuant to a receivership petition filed by Bank Rhode Island (the "Bank") due to Spectrum's default and other issues that raised significant concern with the Bank as to the integrity of Spectrum's business operations under its President and sole shareholder, Hanibal Tayeh ("Tayeh").

11. Since his appointment, the Trustee has been actively marketing Spectrum's assets for sale to third parties. Specifically, the Trustee retained a broker with expertise in environmental testing, Steven Maxwell of TSG, to solicit offers from competitors in the environmental testing industry. The Trustee retained a consultant, Seth Schalow, to assist in the compilation of information and financial data, and to tour Spectrum's facilities with interested parties. And the Trustee created an online "data room" in which interested purchasers could (after execution of a non-disclosure agreement) review asset lists and financial information relating to Spectrum. Approximately 17 separate possible bidder groups logged in to access the data room, and 7 interested parties conducted visits to one or more of Spectrum's facilities.

12. As a result of these activities, the Trustee received letters of intent from several parties. The Trustee has continued to negotiate with these parties to reach the best offer for Spectrum's assets. As a result of these efforts, the Trustee has received a letter of intent from Eurofins Scientific, Inc. ("Eurofins" or the "Purchaser"), which the Trustee has accepted, subject to the approval of this Court. The Trustee and the Purchaser are negotiating a definitive Asset Purchase Agreement (the "APA"), which shall supersede the LOI and shall be executed on or before 5 days before the sale hearing, and filed with the Court. The LOI or APA, as applicable, is sometimes referred to hereafter as the "Agreement.".

13. Eurofins Scientific SE is a Brussels-based publicly traded life sciences company, operating laboratories in 36 countries and employing over 17,000 associates. The Eurofins network of laboratories provides a comprehensive range of analytical testing services drawing on the latest developments in biotechnology. Eurofins Group's laboratories specialize in delivering analytical testing services to clients across a wide range of industries including the environmental, food and pharmaceutical sectors. Eurofins Group has a history of growth through

acquisition, and has completed over 150 such transactions since the company became publicly listed in 1997.

14. Contemporaneously herewith, the Trustee has filed a Motion for Approval of Sale Procedures and Notices (the "Sale Procedures Motion"), which is incorporated herein by reference.

### RELIEF REQUESTED

15. By this Motion[1], the Trustee seeks the issuance and entry of an order (the "Approval Order") authorizing and approving the Sale and the assignment and assumption of certain executory contracts and unexpired leases (collectively, the "Assigned Contracts"), and the Trustee's consummation of the transactions contemplated in the Agreement.

### PROPOSED SALE

A. <u>The Agreement</u>

The essential terms of the Agreement[2] include the following:

<u>Seller</u>        Steven Weiss, Chapter 11 Trustee

<u>Buyer</u>        Eurofins Scientific, Inc.

<u>Acquired Assets</u>

A. Real estate at 830 Silver Street and 11 Herbert P. Almgren Drive, Agawam, Massachusetts;
B. All of Spectrum's equipment and inventory located in the United States;
C. Spectrum's rights to the name "Spectrum Analytical";
D. Spectrum's accounts receivables (except those from Hanibal Technology, LLC);
E. All of Spectrum's motor vehicles;
F. All other assets of Spectrum except the Excluded Assets set forth below.

---

[1] By separate motion filed today (the Sale Procedures Motion), the Trustee seeks approval of an order (the "Procedure Order") authorizing and approving (1) the Auction Procedures (2) the Trustee's execution of the Letter of Intent, and (3) the Sale Notice.

[2] To the extent this summary differs in any way from the Agreement, the latter shall control.

Excluded Assets

A. The real estate at 646 Camp Avenue, North Kingstown, Rhode Island;
B. Cash held by the Trustee;
C. Avoidance actions of the bankruptcy estates of Spectrum and/or Hanibal Technology, LLC under Subchapter III of Chapter 5 of the Bankruptcy Code[3];
D. Any other Assets identified by Eurofins that it wishes to exclude from the transaction

| | |
|---|---|
| Assumed Liabilities | Equipment leases[4] as may be determined by the Purchaser; accrued vacation pay and benefits for employees at Spectrum as of the closing date, up to $185,000; and responsibility to maintain Spectrum's test results for customers, pursuant to applicable law. |
| Closing | On or before August 15. |
| Reps and Warranties | Representations and warranties usual and customary for transactions of this nature. |
| Court Approval | The Sale is subject to the Court's approval and competitive bidding pursuant to the Auction Procedures. |
| Termination | Usual and customary, including without limitation: by mutual consent; upon material breach of covenants, representations or warranties, if the Approval Order, or an Order substantially similar, is not entered by July 9, 2015 or if closing has not occurred on or before August 15, 2015. |
| Deposit | $200,000.00 |
| Break Up Fee | 175,000.00 |
| Next Highest Bid | $5,200,000.00 |

B. The Auction Procedures

---

[3] Under the Agreement Eurofins and the Trustee have agreed to further review the extent to which any "Reserved Claims" will be excluded from the sale.
[4] Spectrum has two real estate leases, in Tampa and Syracuse; Eurofins is not assuming those leases.

6

C.     Notice

16.    <u>Notice of Motion, Hearing on Auction Procedures</u>. The Trustee has served this Motion on all parties that have requested notice of all pleadings.

17.    <u>Notice of Sale, Approval Hearing</u>. In addition, on or before July __, 2015, or as soon thereafter as practicable, the Trustee shall cause to be served the Auction Procedures, the Procedure Order and the Sale Notice electronically or by deposit with the U.S. Mail, upon (i) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the Chapter 11 case; (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the Acquired Assets; (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (iv) all parties to the Assigned Contracts other than the Debtor; (v) the U.S. Trustee; (vi) the Massachusetts Department Of Revenue; (vii) the Internal Revenue Service; (viii) all parties who have requested notice of all pleadings. On or before July 14, 2015, the Trustee shall also cause to be served the Sale Notice **only** on all other known creditors and all equity security holders.

Assumption and Assignment of Executory Contracts and Unexpired Leases

18.    As a part of this Motion, the Trustee seeks authority from the Court to assume and assign any Assigned Contracts to the Successful Bidder.

19.    The Trustee requests that with respect to any Assigned Contracts, by July 22, 2015 or as soon thereafter as practicable, the Trustee will file with the Court and serve on each party to an Assigned Contract a Sale Notice a notice substantially in the form attached to the Sale Procedures Motion as <u>Exhibit "F"</u> (the "Cure Notice"). The Cure Notice shall notify each party that such party's lease or contract will be assumed and assigned to the Successful Bidder

identified at the auction and shall state the cure amount the Trustee believes is necessary to assume such contract or lease pursuant to Section 365 of the Bankruptcy Code (the "Cure Amount"). Seller shall be responsible for the Cure Amount.

20. The Trustee requests that objections, if any, to proposed assumption and assignment or Cure Amounts must be filed on or before two (2) days prior to the sale hearing (the "Cure Objection Deadline"). Such objections must state with specificity the basis for any objection and what cure the party to the Assigned Contract believes is required, with appropriate documentation in support thereof. If no objection is timely received, the Cure Notice shall be controlling notwithstanding anything to the contrary in any Assigned Contract or other document, and the nondebtor party to the Assigned Contract shall be forever barred from asserting any other pre-assignment claim based on the Assigned Contract against the Trustee, the Debtor, or the Successful Bidder.

## APPLICABLE AUTHORITY

21. A trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).

22. The proposed auction procedures appear to be the best means for liquidating the Acquired Assets. With the assistance of TechKnowledgey Strategic Group ("TSG") and Seth Schalow, the Trustee has aggressively marketed Spectrum's assets to competitors in the industry and other potential purchasers. The offer from Eurofins results from those efforts, and is the best offer received by the Trustee. Eurofins will be buying Spectrum's business and assets (except the North Kingstown, Rhode Island real estate) as a going concern and assuming certain ongoing

8

liabilities, such as vacation pay for retained employees, and record retention, which would otherwise become potential liabilities of the estate.

23. The Debtor's schedules list the fair market values of the Agawam real estate being sold as $1,905,000 and the personal property as having a fair market value of approximately $5,929,000. On information and belief, the values are based on real estate and equipment appraisals that are approximately 18 months old. While the Trustee has not had recent appraisals conducted during the Chapter 11 case, the liquidation values of the assets are obviously less.

24. Moreover, the Trustee is optimistic that sale procedures authorized by this Court will generate higher bids. The Trustee believes that the Auction Procedures are fair to all parties and are designed to permit the Trustee to obtain the best possible price. Thus, the Trustee is confident that the successful bid that emerges from this process will truly be the highest and best bid obtainable for the Acquired Assets. Finally, the Trustee respectfully submits that the terms and conditions of the Auction and the Auction Procedures are fair and reasonable. If there is competitive bidding at an Auction, even after payment of the breakup fee, the estate will receive a benefit of at least $25,000.00.

25. The Trustee further believes that the procedures outlined in the Sale Procedures Motion are more beneficial to the estate than other means of sale, such as a public auction, for two reasons. First, the proposed sale is the product of extensive marketing. Second, the procedures outlined in this motion establish a procedure for further bidding. Thus, there is no need to hire an auctioneer.

26. The Trustee also believes that a sale of the assets through Bankruptcy Code § 363 is far preferable to a sale through a Chapter 11 plan. Spectrum's sole shareholder is Dr. Tayeh. The Trustee believes that a plan under which Dr. Tayeh retains control of the company is

extremely unlikely. Additionally, effecting a sale of the assets to Eurofins through the filing of a disclosure statement and plan of reorganization would entail considerable cost and delays to the sale, with no benefit to the estate or to creditors.

27. Accordingly, the Trustee submits that the Sale is in the best interest of the estate and all stakeholders because it maximizes the value the Trustee will receive for the Acquired Assets.

C. Sale "Free and Clear" pursuant to Section 363(f)

28. Under Section 363(f)(2) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or encumbrance if, among other things, the parties holding interests in the property consent. Bank Rhode Island, which holds a security interest in essentially all of Spectrum's assets, consents to the sale, and has also consent to payment of the fees and expenses associated with the sale, pursuant to 11 U.S.C. § 506 (c), subject to allowance after application to this Court, except that the Trustee will not request such fees and expenses in connection with any objection to BRI's claims or pursuing any litigation against BRI.

29. Therefore, pursuant to Section 363(f), the Trustee may sell the Acquired Assets free and clear of all liens, claims and encumbrances. Each lien, claim or encumbrance that is not the result of an assumed liability or permitted encumbrance satisfies at least one of the five conditions of Section 363(f), and the Trustee submits that any such lien, claim or encumbrance will be adequately protected by attachment to the net proceeds of the Sale, subject to any claims and defenses the Trustee may possess with respect thereto. Accordingly, the Trustee requests that the Acquired Assets be transferred to the Purchaser of the Successful Bidder(s) free and clear of all liens, claims and encumbrances (other than liens resulting from assumed liabilities

and permitted encumbrances), with such liens, claims and encumbrances to attach to the net proceeds of the Sale.

D.    Purchaser Disclosures; Good Faith pursuant to Section 363(m)

30.    Section 363(m) of the Bankruptcy Code provides: "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. §363(m).

31.    While the Bankruptcy Code does not define "good faith," circuit courts in other jurisdictions have discussed the requirement that a purchaser act "in good faith" as follows: The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. In the Matter of Andy Frain Services, Inc., 798 F.2d 1113, 1125 (7th Cir. 1986) (emphasis omitted). The Trustee is not aware of any facts that would suggest that Eurofins has not at all times acted in good faith. The Trustee further submits that consummation of the Agreement following the Auction will be in good faith and at arm's length and that the Successful Bidder is entitled to the protections of Section 363(m) and 363(n) of the Bankruptcy Code.

E.    Assumption and Assignment of Executory Contracts and Unexpired Leases

32.    As set forth above, to enhance the value to the Debtor's estate of the Sale, the Trustee requests approval under Section 365 of the Bankruptcy Code of the Trustee's assumption

11

and assignment of any Assigned Contracts to the Successful Bidder. The Trustee further requests that the Order approving the sale provide that the Assigned Contracts will be transferred to, and remain in full force and effect for the benefit of, the Successful Bidder notwithstanding any provisions in the Assigned Contracts, including those described in Sections 365(b)(2) and (f)(1) and (3) of the Bankruptcy Code, that purport to prohibit assignment. To accomplish these objectives in a fair and expeditious manner, the Trustee shall provide non-debtor parties to any Assigned Contracts with notice of, and an opportunity to challenge, the proposed assumption and assignment and the proposed cure amounts as set forth below.

33. Section 365(f)(2) of the Bankruptcy Code provides that the trustee may assign an executory contract or unexpired lease of the debtor if (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease. 11 U.S.C. §365(f)(2).

34. Adequate assurance may be provided by, inter alia, demonstrating the assignee's financial health and experience in managing the type of enterprise assigned. Given Eurofins' size and financial stability, the Trustee believes that this requirement is satisfied.

35. To the extent monetary defaults exist under any executory contract or unexpired lease that is to be assumed and assigned in connection with the Sale, the Trustee will cure any such default with money from the sale proceeds.

## CONCLUSION

**WHEREFORE,** the Trustee requests entry of the Procedural Order in a form substantially similar to the proposed order submitted herewith, and approval of the form of the Approval Order in a form substantially similar to the proposed order submitted with the Sale

Procedures Motion, for such other relief that is requested herein, and for such other relief as is just and proper.

Dated this 2nd day of July, 2015.

          STEVEN WEISS,
          CHAPTER 11 TRUSTEE

          By: __/s/ Steven Weiss__
          Steven Weiss, Esquire
          BBO # 545619
          David K. Webber, Esquire
          BBO # 673160
          Shatz, Schwartz and Fentin, P.C.
          1441 Main Street, Suite 1100
          Springfield, MA  01103
          (413) 737-1131
          sweiss@ssfpc.com

15\0212\Sale Motion\Motion.Sale.1603